IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRYANT K. WHITBY, #A0715868, | ) ) ) | CIV. NO. 10-00287 HG-BMK |
| Petitioner, | ) ) ) | ORDER DISMISSING PETITION AS TIME-BARRED AND DENYING CERTIFICATE OF APPEALABILITY |
| vs. | ) ) | |
| TODD THOMAS, | ) ) | |
| Respondent. | ) ) | |

**ORDER DISMISSING PETITION AS TIME-BARRED
AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Bryant K. Whitby, a Hawaii prisoner incarcerated in Arizona, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondent has answered the Petition and argues it should be dismissed as time-barred and unexhausted.  (Doc. 9.)  Whitby filed a Traverse and a Reply.  (Docs. 11 & 13.)  After reviewing the parties submissions, the court ordered Respondent to file a supplemental brief regarding the availability of legal materials to Whitby during his incarceration.  Respondent did so on August 2, 2010.  (Doc. 14.)

The Court has carefully considered the entire record and the parties' arguments.  Because it is clear that the Petition is time-barred, the Court DISMISSES the Petition with prejudice as barred by the statute of limitation set forth in 28 U.S.C. § 2244(d) and DENIES a Certificate of Appealability.

## I. BACKGROUND

On or about October 7, 1996, Whitby was convicted of forty-one charges of sexual assault by jury trial in the Circuit Court of the Second Circuit, State of Hawaii ("circuit court"), in Cr. No. 95-0435(2).  Entry of judgment and sentence was filed on December 30, 1996.

On January 6, 1998, the Hawaii Supreme Court vacated thirty-six of the forty-one counts against Whitby (counts 4 through 18 and 22 through 42) and affirmed the remaining counts and sentence.  (Resp.'s App. A, SC No. 20457.)  Notice and judgment on appeal was filed March 5, 1998.  (Resp.'s App. B.) Whitby did not seek *certiorari* from the United States Supreme Court.

Whitby moved for a reduction of sentence on May 28, 1998, that the circuit court denied on June 26, 1998.  (Resp.'s App. D.)  While that motion was pending, the circuit court granted the State's motion to dismiss counts 4 through 18 and 22 through 42, on June 12, 1998.  (Resp.'s App. C.)  Whitby did not appeal the circuit court's denial of his motion for reduction of sentence.

On January 7, 1999, Whitby, represented by Randolph J. Amen, Esq., filed his first petition for post-conviction relief, alleging ineffective assistance of trial counsel and trial court error for failure to declare a mistrial.  ("Petition I").

(Resp.'s App. E, SPP. No. 99-0001(2).) On September 29, 1999, Jock M. Yamaguchi, Esq., substituted as counsel in this proceeding.[1] *See* Hawaii State Judiciary Ho'ohiki, Public Access to Court Information.[2] The circuit court construed Petition I as brought pursuant to Rule 40 of the Hawaii Rules of Penal Procedure ("HRPP"), and issued a findings of fact and conclusions of law and order denying Petition I on October 26, 1999. (Resp.'s App. F.) Whitby did not appeal.

On December 2, 1999, however, Yamaguchi filed another post-conviction petition in SPP No. 99-0001(2) on Whitby's behalf. (Resp.'s App. G.) The circuit court construed this motion as brought in part pursuant to HRPP 40 ("Petition II"), and in part pursuant to HRPP 35 ("Petition III"), for correction of illegal sentence. The circuit court denied Petition II on May 16, 2000, (Resp.'s App. H, Ex. A), and denied Petition III on November 13, 2000. Whitby appealed the consolidated judgment in these decisions. (Resp.'s Apps. H & J.)

On May 18, 2004, the Hawaii Supreme Court affirmed the circuit court's consolidated judgment denying Whitby's claims for relief in Petitions II and III. *See Whitby v. State*, 2004 WL 1102323, *unpub.* (Haw. 2004). Notice and judgment on appeal was filed on June 4, 2004. (Resp.'s App L.)

---

[1] Whitby says that Amen was disbarred. (Pet. at 14.)

[2] Available at http://hoohiki1.courts.state.hi.us/jud.

Almost four years later, on February 20, 2008, Whitby, now proceeding *pro se*, filed another Rule 40 petition ("Petition IV"). (Resp.'s App. M, SPP. No. 08-1-0003(2).) The circuit court denied Petition IV on August 26, 2008. (Resp.'s App. N.) On July 15, 2009, the Intermediate Court of Appeals, State of Hawaii ("ICA"), affirmed. (Resp.'s App. P.) On November 23, 2009, the Hawaii Supreme Court denied *certiorari*. (Resp.'s App. Q.)

## II. **WHITBY'S CLAIMS**

Whitby first challenges his extended term sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[3] and its progeny, including *Kaua v. Frank*, 436 F.3d 1057 (9th Cir. 2006)[4] (finding that Hawaii's extended term sentencing regime was unconstitutional under *Apprendi*), *Kamana'o v. Peyton*, 2006 WL 1775869 (D. Haw. 2006) (same), and *State v. Maugaotega*, 115 Haw.

---

[3] *Apprendi* held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

[4] Whitby provides no cites for *Kaua* and *Kamana'o*. Since the state court cases in *Kaua* and *Kamana'o* are inapposite to Whitby's arguments, this Court assumes Whitby refers to the above-referenced cases. *See State v. Kaua,* 102 Hawaii 1, 72 P.3d 473 (Haw. 2003), *abrogated by Kaua v. Frank,* 436 F.3d 1057 (9th Cir. 2006); *State v. Kamana'o*, 2005 WL 1428522 (Haw. Ct. App. June 20, 2005), *vacated by Kamana'o v. Peyton*, 2006 WL 1775869 (D. Haw. June 21, 2006); *but see State v. Kamana'o*, 118 Haw. 210, 188 P.3d 724 (Haw. Jul 23, 2008) (imposing consecutive maximum sentences on remand), *upheld by Kamana'o v. Frank*, No. 09-00313 JMS, 2010 WL 1783560 (D. Haw. Apr. 30, 2010).

432, 447, 168 P.3d 562, 577 (2007) (same)(Ground One).[5] Whitby modifies this claim somewhat in his Traverse and Reply, claiming it is an illegal sentence under state law, as revised after *Apprendi*, *et al.*

Whitby next argues that the circuit court erred by failing to give a lesser-included-offense jury instruction pursuant to Hawaii Revised Statute ("HRS") § 707-731 and *Keeble v. United States*, 412 U.S. 205 (1973) (holding that a lesser-included-offense instruction is required if a rational jury could find guilt on the lesser offense and acquit on the greater) (Ground Two).

Finally, Whitby argues ineffective assistance of counsel, for counsel's failure to raise the preceding two issues on direct appeal (Ground Three). Whitby argues that, because he had the same counsel at trial and on appeal, he was unable to

---

[5] Whitby also refers without citation to *Jones v. United States* (526 U.S. 227, 248 (1999)). *Jones* held that, except for a past conviction, any fact that increases the maximum penalty for an offense must be alleged in a *federal indictment*. *Id.* at 243 n.6. *Jones* applies to federal prosecutions only, as the fifth amendment's grand jury clause has not been applied to the states through the fourteenth amendment. *See e.g.*, *United States v. Cotton*, 535 U.S. 625, 627 (2002).
   The Court recognizes that, since 2008, the Hawaii Supreme Court has held that any factors that must be proven to the jury under *Apprendi/Cunningham*, *et al.*, must be alleged in the charging instrument. *See State v. Jess*, 117, Haw. 381, 184 P.3d 133 (Haw. 2008). This rule does not apply retroactively on collateral challenges, so cannot apply to Whitby's challenge here. *Id.* 117 Haw. at 404, 184 P.3d at 156. Moreover, Whitby does not explain the alleged infirmity in his indictment or even argue that *Jess* applies to his case.

raise the issue of ineffective assistance of counsel on direct appeal.  Whitby apparently argues that under *Massaro v. United States*, 538 U.S. 500 (2003), he may raise this claim now, regardless of the statute of limitation.[6]

### III.  LEGAL STANDARD

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") drastically altered the time limit imposed on state prisoners filing habeas corpus petitions in federal court.  The AEDPA established a one-year period in which to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States

---

[6] *Massaro* holds that failure to raise an ineffective assistance of counsel claim on direct appeal in a *federal* prosecution does not preclude raising it in a subsequent motion to vacate under 28 U.S.C. § 2255. 538 U.S. at 504. *Massaro* has no application to § 2244's procedural rules concerning the statute of limitation. *Compare* 28 U.S.C. § 2255 with § 2254.
    Whitby's inability to raise his ineffective assistance claims on direct appeal, moreover, did not prejudice his ability to exhaust these claims in SPP No. 99-0001(2), or impact his ability to timely file a federal petition. *See Briones v. State*, 74 Haw. 442, 459, 848 P.2d 966, 968-69 (1993) (holding that when a petitioner has been represented by the same counsel both at trial and on direct appeal, no waiver of the issue of trial counsel's performance occurs because no realistic opportunity existed to raise the issue on direct appeal).

>>is removed, if the applicant was prevented from filing such by State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) further provides for tolling of the statute of limitations for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." *See also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting statutory tolling under 2244(d)(2) to state, not federal petitions).

The statute may be equitably tolled upon a showing, among other things, that "some extraordinary circumstance stood in [petitioner's] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). However, "the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

## IV. <ins>DISCUSSION</ins>

Whitby filed this Petition after the effective date of the AEDPA and it governs this action. The statute of limitations

is a threshold issue the court must resolve before reaching other procedural issues or the merits of Whitby's claims. *White v. Klitzkie*, 283 F.3d 920, 921-22 (9th Cir. 2002).

## A. Date of Finality of the Conviction on Direct Review

Whitby had thirty days to appeal the circuit court's denial of his motion for reduction of sentence, but did not. Whitby's conviction was therefore final on direct review on **July 26, 1998**. *See* 28 U.S.C. § 2244(d)(1)(A); Haw. R. App. P. 4(b)(1); *Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) (holding that, if no direct appeal is sought, state conviction becomes final on the date that the time for such appeal lapses).

The statute of limitation ran from **July 27, 1998**, until **January 7, 1999**, the date that Whitby filed Petition I in SPP No. 99-0001(2), totaling **164** days. *See* 28 U.S.C. § 2244(d)(2). The statute then tolled until **May 18, 2004**, the date that the Hawaii Supreme Court denied Whitby's post-conviction challenge in SPP No. 99-0001(2). *See White v. Klitzkie*, 281 F.3d 920, 921 n.4 (9th Cir. 2002) (stating that "*it is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review.*").[7]

---

[7] Respondent incorrectly argues that the statute was tolled for 90 days after *June 4, 2004*, when notice and judgment on appeal issued in SPP No. 99-0001(2). *See* Ans. at 4. First, the date the mandate issues is immaterial, it is the date the state court issues its final order that controls. *See White*, 281 F.3d
(continued...)

The statute began running again on May 19, 2004, and expired 201 days later, on or about **December 5, 2004**.  Whitby filed the present petition on **May 14, 2010**, nearly five and a half years after the limitation period ran.  Unless Whitby is entitled to an alternative date for commencement of the statute of limitation, or to equitable tolling, his Petition is time-barred.

B.   <u>Section 2244(d)(1)(B) Tolling Does Not Apply</u>

Whitby states that he has had no access to "proper legal books" and that the AEDPA rules or guidelines have never been "posted" at any prison facility since his incarceration on the Mainland during the past twelve years.  (Pet. at 12; Traverse at 2.)  Whitby argues that he is therefore entitled to statutory or equitable tolling of the limitation period.

   1.   *No Basis for Statutory Tolling*

Under § 2244(d)(1)(B), the statute of limitations commences on the date that a state-created impediment to filing the federal petition is removed.  28 U.S.C. § 2244(d)(1)(B).  The unavailability of materials in the prison law library explaining the AEDPA may warrant equitable tolling or a delayed commencement

---

⁷(...continued)
at 921 n.4. Second, petitioners are not entitled to further tolling under § 2244(d)(2) after state post-conviction proceedings conclude. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

of the limitations period pursuant to § 2244(d)(1)(B).  *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (*en banc*); *see also Roy v. Lampert*, 465 F.3d 964, 972 n.3 (9th Cir. 2006).  If the requirements of section 2244(d)(1)(B) are met, "[t]he limitations period would then run from the date on which the impediment is removed."  *Bryant*, 499 F.3d at 1060.

Section 2244(d)(1)(B) applies only to intentional impediments created by state action that violate the Constitution or laws of the United States.  28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083, 1088 n.4 (9th Cir. 2005).  "To obtain relief under section 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition."  *Bryant v. Arizona Attorney Gen.*, 499 F .3d 1056, 1060 (9th Cir. 2007).

Whitby is not illiterate, although he states that he is untrained in the law and had inmate assistance in filing the present Petition.  (Pet'r. Mem. in Support.)  Whitby states, however, that he worked in the prison law libraries in both Mississippi and in Arizona, although he claims that he has no computer knowledge.  (*See* Reply at 3.)  Whitby was able to file a state post-conviction petition *pro se* in 2008.  Whitby also states that he recently asked his current law librarian for information on the AEDPA, and she told him he would have to obtain a copy of it himself.  (Doc. 11, Traverse at 2.)

Accepting Whitby's statements at face value, they suggest, at a minimum, that Whitby is educated, had regular access to the prison law libraries, had sufficient knowledge to perform the clerical duties required in a library, was entrusted to a position where he had the ability to assist other inmates in the library, had the ability to seek help, including computer assistance, and the ability to file a state post-conviction petition *pro se* in 2008.  Whitby does not explain why, if his statements are true, he was unable to seek help filing a *federal* habeas petition in 2008, or to write or communicate with the federal court at any time until he filed the present Petition in 2010.

Moreover, Respondent refutes Whitby's claims regarding any alleged lack of access to the AEDPA or other legal materials at the Mainland prisons where Whitby has been incarcerated. Respondent avers that federal and state case law and statutes were available at every Mainland prison in which Whitby has been housed since 1999.  (Doc. 14, Supp'l Br., Kimoto Dec.)

Whitby was incarcerated in Minnesota, at the Prairie Correctional Facility, from January 1999 to April 2001; in Arizona, at the Florence Correctional Facility, from April 2001 to May 2004; in Mississippi, at the Tallahatchie Correctional Facility, from May 2004 to August 2007; and back in Arizona, at the Saguaro Correctional Center, from August 2007 until the

present. (*Id.*)  Shari Kimoto, the Hawaii Department of Public Safety's Mainland/FDC Administrator states that the Department of Public Safety purchased and provided legal reference materials, including state and federal case law and statutes, at each of these facilities during the times that Whitby was housed in each of them. (*Id.*)  In Minnesota, Mississippi, and at the Florence, Arizona facilities the Department of Public safety provided law books.  At the Saguaro Correctional Center, the Department of Public Safety installed touch screen computer kiosks for electronic legal research. (*Id.*)  Federal statutes were provided and would encompass Title 28 of the United States Code, including section 2244, the relevant section of the AEDPA, to which Whitby claims he had no access.[8]

If Whitby was a law library clerk, as he claims and as Respondent verifies, he clearly had the ability to look up

---

[8] Respondent says he is unable to specifically verify whether the AEDPA statutes were available, because "the only verification available was that access to federal statutes was provided by books and computer as indicated." (Doc. 14 at 2 n.1.) Respondent is directed to *Jelks v. Swenson*, Civ. No. 08-00108 JMS (D. Haw. 2008), wherein the petitioner also claimed he had no access to the AEDPA in his Mainland prisons, including the Saguaro Correctional Facility in 2007. Respondent Thomas at that time provided a declaration describing in detail the legal materials available at the Saguaro Correctional Facility, supported by invoices for legal materials purchased for, or subscribed to by, the Saguaro prison, showing that computer or hard copies of Title 28 of the U.S. Code Annotated was available at the Saguaro facility since mid-2007 at the latest. *See Jelks*, Civ. No. 08-00108 Docs. 24, 29, 31; *see also Calderwood v. Luna*, Civ. No. 07-00520 DAE (D. Haw. 2007).

relevant portions of the U.S. Code dealing with federal habeas petitions in the prisons that retained books.  Whitby carefully claims that he has no "proper legal books," however, apparently referring to the computer kiosk system in place now at the Saguaro facility. (Pet. at 12.)  Whitby does not explain why he could not seek help using the computer kiosks at Saguaro.  Whitby is also careful to simply complain that none of the prison libraries "posted" AEDPA guidelines, rather than attesting that the AEDPA was unavailable to prisoners through routine diligence.  This Court is unaware of any requirement that a prison must *post* guidelines explaining the AEDPA, as long as the statute, case law, or other help accessing such materials is available to prisoners.

Respondent further avers that Whitby has never complained or filed a grievance regarding the alleged lack of legal materials at any prison in which he has been incarcerated. (*Id.*, Komori Decl.)  Whitby concedes that he has never grieved the lack of AEDPA materials.  Whitby states that he relies instead on his unnamed inmate assistant's "numerous grievance[s]" regarding the lack of legal materials throughout the time that Whitby and this inmate have been at these Mainland prisons.  (*See* Pet. at 14.)  This is insufficient.  Whitby does not provide copies of this unnamed inmate's grievances, or their disposition. Whitby does not explain why he did not grieve this alleged

impediment himself, or seek help sooner.  In short, Whitby provides nothing supporting his allegations or showing his own diligence in pursuing this matter.

Most importantly, Whitby was able to file his last state post-conviction proceeding, Petition IV, *pro se* on February 20, 2008.  (*See* Doc. 10-13, Resp.s' App. M.)  In Petition IV, Whitby argues that he was denied "a meaningful and adequate law-library to further his appeal to the Federal Courts and Ninth Circuit Court of Appeals based upon a recent 9th Circuit Court decision (See Roy v. Lampert, 465 F.3d 964 (9th Cir. 2006.))." (Resp.'s App. M at 19.)  Whitby claimed in Petition IV that these "extraordinary circumstances" allowed him to proceed with a new state post-conviction petition under HRPP 40, and prevented him from filing any federal petition earlier.  *Id.*  It is therefore clear that Whitby was aware of the AEDPA and its requirements no later than **February 11, 2008**, when he signed Petition IV, and there was no state-created impediment to filing a federal petition at least as of that date.

Once Whitby admittedly became aware of the AEDPA no later than February 2008, it was incumbent on him to file a petition in the federal court.  While some of Whitby's claims may have been unexhausted or procedurally defaulted, he had remedies available nonetheless.  Had he brought a petition in federal court in 2008, Whitby could have requested a stay and abeyance of

14

his petition until all of his claims were exhausted. *See Pace*, 544 U.S. at 416. Whitby, however took no action specifically aimed at meeting or preserving his federal habeas corpus deadline. Whitby therefore did not act with diligence to preserve his right, even if the court accepts that he was completely unaware of the AEDPA's statute of limitation until February 2008. Because the present Petition was filed **two years** after removal of this alleged impediment, § 2244(d)(1)(B) does not toll the running of the statute. *See Bryant*, 499 F.3d at 1060.

### 2. *No Basis for Equitable Tolling*

For the same reasons that Whitby is not entitled to statutory tolling under § 2244(d)(1)(B), he has not shown that "extraordinary circumstances beyond [his] control [made] it impossible to file a petition on time," such that the statute of limitation may be equitably tolled. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is unavailable in most cases but may be appropriate "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *Id.* at 1107; *see also Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir.), *cert. denied*, 540 U.S. 974 (2003). It is Whitby's burden to demonstrate that he is entitled to equitable tolling of the statute. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002). Whitby has not done so and is not

entitled to equitable tolling.

### C.    Sections 2244(d)(1)(C) & (D) Do Not Apply

Section 2244(d)(1)(C) provides that the limitation period runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *Id.* (emphasis added).  Whitby does not argue that this section delays the running of the limitation period, but claims relief under *Apprendi*, *et al.*, and states that he "[w]as not aware [of] the recent US Sct's decision under US v. Massaro."  (Pet. at 12.)  The Court liberally construes this statement as suggesting Whitby was also unaware of *Apprendi*, *Kaua*, *Maugaotega*, and *Jones*, and believes the statute was tolled until he became aware of them.

This argument is unavailing because Whitby's conviction was final on direct review no later than **July 26, 1998**, and he is seeking collateral review of his conviction.  "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely petition has been finally denied.'"  *Beard v. Banks*, 542 U.S. 406, 411  (2004) (quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)).

It is well-settled that the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny, including *Blakely v. Washington*, 524 U.S. 296 (2004), *United States v. Booker*, and *Cunningham v. California*, 549 U.S. 270 (2007)[9] does not apply retroactively to cases on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348, 358 (2004); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1246 (9th Cir. 2005) (*Apprendi* is not retroactive on collateral review); *Schardt v. Payne*, 414 F.3d 1025, 1027, 1036 (9th Cir. 2005) (*Blakely* is not retroactive); *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005) (*Booker* is not retroactive on collateral review); *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008) (*Cunningham* is not retroactive).

Whitby's claims for relief are not based on newly discovered facts that could not have been discovered through the exercise of due diligence, therefore, § 2244(d)(1)(D), does not

---

[9] The Court interprets Whitby's reference to *Maugaotega*, to mean that the Court should examine whether the limitation period was tolled under § 2244(d)(1)(C) by the Supreme Court's decision in *Cunningham v. California*, 549 U.S. 270 (2007), which forms the basis for the state court's rejection of Hawaii's prior sentencing regime. *Cunningham*, as noted, did not announce a new rule of constitutional law, is not retroactive on collateral review, and cannot toll the statute of limitations under § 2244(d)(1)(C). *See Butler*, 528 F.3d at 639. Insofar as Whitby claims relief based on the Hawaii Supreme Court's implementation of *Apprendi*'s rule after *Cunningham*, however, this claim also fails because the Hawaii Supreme Court's decisions do not constitute rights newly recognized by the United States Supreme Court made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C).

apply. To the extent that *Apprendi* and its progeny prompted Whitby to seek federal habeas relief when he became aware of them, *Apprendi* is the legal predicate for some of Whitby's claims, not the factual predicate or evidence, relevant to his guilt or sentence. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (AEDPA statute of limitations begins to run when the petitioner knows the important facts, not when the petitioner recognizes their legal significance). Because Whitby was aware of the pertinent facts at the time his conviction became final, application of section 2244(d)(1)(D) does not alter the statute of limitation calculation.

**D.    Petition IV Did Not Toll the Statute**

Whitby filed his second state post-conviction proceeding, Petition IV, on February 20, 2008, more than three years after the statute of limitation had expired. Petition IV therefore neither tolled nor "restarted" the statute of limitation under § 2244(d)(2). *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)(holding that filing a subsequent post-conviction petition after the statute of limitation expires does not revive or restart the limitation period); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (same).

**IV.    CONCLUSION**

For the foregoing reasons, the Petition is time-barred and is DISMISSED with prejudice. A Certificate of Appealability

and leave to proceed *in forma pauperis* on appeal are DENIED because (1) dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and (2) Whitby has not made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); Rule 11(a), Rules Governing § 2254 Proceedings.

    IT IS SO ORDERED.

    Dated: August 10, 2010, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

*Whitby v. Thomas*, Civ. No. 10-00287 HG; ORDER DISMISSING PETITION AS TIME-BARRED AND DENYING CERTIFICATE OF APPEALABILITY; psa/Habeas/dmp 2010/SOL/Whitby 10-287 HG (SOL)